UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:14-CV-60292-ROSENBERG/BRANNON

TODD CHITOFF,

 Plaintiff,

v.

CASHCALL, INC., WS FUNDING, LLC,
DELBERT SERVICES CORPORATION,
J. PAUL REDDAM & CESAR GUZMAN,

 Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION

This matter is before the Court on Defendants' Motion to Dismiss the Second Amended Complaint or, Alternatively, to Compel Arbitration and Stay or Dismiss Case [DE 48]. The Court held an evidentiary hearing on the Motion on November 17, 2014. For the reasons set forth below, the Motion to Compel Arbitration is granted.

In support of their Motion to Compel Arbitration, Defendants have submitted an agreement to arbitrate and have thus met their initial burden to establish a *prima facie* right to arbitration. *See Aronson v. Dean Witter Reynolds, Inc.*, 675 F. Supp. 1324, 1325 (S.D. Fla. 1987); *Barkley v. Pizza Hut of Am., Inc.*, 2014 WL 3908197 (M.D. Fla. Aug. 11, 2014). Because Plaintiff's arguments in opposition to the Motion to Compel Arbitration are intermingled with Plaintiff's arguments in opposition to other portions of the Motion, it is difficult to discern the precise contours of Plaintiff's opposition; however, the central premise

1

underlying Plaintiff's opposition to arbitration is that the arbitration forum specified in the agreement, the Cheyenne River Sioux Tribe, is unavailable.[1]

Plaintiff argues that the agreement requires that arbitration be administered by an authorized representative of the tribe and that this provision was fraudulently inserted into the agreement because the tribe does not conduct arbitration. Plaintiff's argument fails for three reasons. First, Plaintiff fails to acknowledge that the agreement only requires that a tribal representative administer arbitration *except as otherwise provided*, and a subsequent portion of the agreement allows for arbitration to be administered by the Arbitration Association of America or by Judicial Arbitration and Mediation Services.[2] Second, at the evidentiary hearing on this matter on November 17, 2014, counsel for Defendants stipulated on the record that, under the agreement, (i) arbitration could be administered by the AAA or JAMS, (ii) Plaintiff had yet to waive his right to select an arbitrator, and (iii) Plaintiff would have twenty days from the date of any order compelling arbitration to select an arbitration organization. Third and most importantly, Plaintiff has provided *no evidence* that the Cheyenne River Sioux Tribe is unavailable as an arbitration forum. Counsel for Plaintiff stipulated at the evidentiary hearing on this matter that Plaintiff had not attempted to verify the availability of the tribal forum in any way. Plaintiff merely presented argument at the hearing and offered no evidence on this issue whatsoever despite the fact that Plaintiff was put on notice that the evidentiary hearing was specifically set for Plaintiff to provide evidence of availability by the following

---

[1] To the extent Plaintiff's arguments in opposition to arbitration could be construed to include other avenues of attack, those matters must be decided by the arbitrator in accordance with the delegation provision on page five of the loan agreement in this case. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967).

[2] The Court need not address whether the forum selection is integral to the arbitration agreement because Plaintiff has failed to meet the necessary evidentiary burden in connection with that argument. *See Inetianbor v. Cashcall, Inc.*, No. 13-13822 (11th Cir. Oct. 2, 2014).

bold text in the order setting hearing: "**The Parties should be prepared to submit evidence concerning the availability of arbitration forum, as more fully specified and argued in the motion and accompanying responses.**" DE 77.

Plaintiff's failure to provide any evidence of the unavailability of the tribe as a forum is dispositive. Plaintiff has attempted to rely upon citations to other cases where the forum has been found to be unavailable in lieu of providing his own evidence. The Court therefore finds that Plaintiff has failed to meet his evidentiary burden to prove that the arbitration forum is unavailable or otherwise invalid. *See S. Energy Homes, Inc. v. Hennis*, 776 So. 2d 105, 106 (Ala. 2000); *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 792 (Tex. Ct. App. 2007); 4 Am. Jur. 2d Alt. Dispute Resolution § 98 (2014) (noting that the reason for the burden shifting is that the law favors arbitration). Because Plaintiff has failed to meet his evidentiary burden, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss the Second Amended Complaint or, Alternatively, to Compel Arbitration and Stay or Dismiss Case [DE 48] is **GRANTED** insofar as it seeks to compel arbitration. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and is **REFERRED** to arbitration. All pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**. The Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 17th day of November, 2014.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

3